FILED

2006 Jun-09  PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY A. ROSE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-06-S-207-NE |
| | ) | |
| FAMILY DOLLAR STORES, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff commenced this action in the Circuit Court for Limestone County, Alabama, by filing a complaint stating claims for negligence and wantonness under a premises liability theory against Family Dollar Stores, Inc.,[1] and six fictitious defendants.[2]  Family Dollar Stores timely removed the action to this court,[3] asserting

---

[1]Plaintiff alleges that the glass door at the Family Dollar Store located in Rogersville, Alabama, closed on her hand, "causing Plaintiff to suffer laceration [sic] and broken bones in her left hand and fingers."  Complaint (appended to Notice of Removal (doc. no. 1)) ¶ 3.

[2]As noted in the text accompanying note 8 *infra*, a state-court plaintiff's fictitious party claims *normally* are disregarded when determining whether a case was properly removed to federal court on the basis of the parties' diversity of citizenship, because there is no provision for fictitious party practice under federal law.  *See, e.g.*, 28 U.S.C. § 1441(a) (last sentence) (stating that, for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997) (noting that plaintiff "conceded that fictitious party practice is not permitted in federal court and, thus, her failure to name the parties required that the court strike the parties"); *Murray v. Sevier*, 50 F. Supp. 2d 1257, 1280 (M.D. Ala. 1999) (observing that there is "no provision for fictitious party practice under federal law"); *Wiggins v. Risk Enterprise Management Limited*, 14 F. Supp. 2d 1279, 1279 n.1 (M.D. Ala. 1998) ("[T]here is no fictitious party practice in the Federal Courts."); *Floyd v. Allstate Insurance Company*, 989 F. Supp. 1435, 1436 n.1 (M.D. Ala. 1998) ("[T]he fictitious Defendants named in Plaintiff's Complaint are due to be dismissed, there being no provision for fictitious party practice under federal law."); *McCree v. Sam's Club*, 159 F.R.D. 572, 574 n.1 (M.D.

federal jurisdiction based on satisfaction of the diversity statute, 28 U.S.C. §1332(a)(1).[4]  Plaintiff subsequently moved to remand the case to state court,[5] and that is the motion addressed in this opinion.

DISCUSSION

It is undisputed that the parties are of diverse citizenship:  plaintiff is a resident of Alabama, and Family Dollar Stores is a Delaware corporation that maintains its principal place of business in the State of North Carolina.[6]  Thus, the outcome of the motion to remand turns upon whether the requisite jurisdictional amount in controversy has been satisfied.  Unfortunately, plaintiff's complaint is no model of clarity on that issue.

For example, the *ad damnum* clause following paragraphs 1-8 of plaintiff's state-court complaint, stating her claims against Family Dollar Stores, does not demand a specific amount of damages:

> WHEREFORE, your Plaintiff demands judgment, for both compensatory and punitive damages, against the Defendant *in the amount to be assessed by the jury* impaneled int [sic] his [sic] case, and

Ala. 1995) ("there is no provision for fictitious party practice under federal law").

[3]*See* doc. no. 1 (Notice of Removal).

[4]28 U.S.C. § 1332(a)(1) provides that:  "The district courts shall have original jurisdiction of all civil actions where the matter exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

[5]*See* doc. no. 5.

[6]*See* doc. no. 1 (Notice of Removal), at ¶¶ 6-7.

which amount shall exceed the minimum jurisdictional amount of this Court [*i.e.*, *the Circuit Court for Limestone County, Alabama*].[7]

As previously noted, however, plaintiff's state-court complaint also asserts claims against six fictitious-parties. A state-court plaintiff's fictitious-party claims *normally* are disregarded when determining whether a case was properly removed to federal court on the basis of the parties' diversity of citizenship, because there is no provision for fictitious party practice under federal law.[8] Even so, it is more than just a little interesting to note that, in the *ad damnum* clause following paragraphs 9-12 of plaintiff's complaint, she states *a specific sum* in damages claimed of *all* "Defendants" (plural), "both named and unnamed": *i.e.*,

> WHEREFORE, your Plaintiff demands judgment, *in the amount of $50,000.00*, for both compensatory and punitive damages, *against the Defendants*, *both named and unnamed at this time*, to be assessed by the jury impaneled in this case, said amount exceeding the minimum jurisdictional amount of this Court.[9]

Thus, it comes as no great surprise that, following removal, plaintiff attempted to stipulate that, when she commenced this action *in state court*, she sought damages

---

[7]State-court complaint (appended to doc. no. 1 (Notice of Removal)) at unnumbered page 3 (emphasis supplied).

[8]*See supra* note 2.

[9]State-court complaint (appended to doc. no. 1 (Notice of Removal)) at unnumbered page 4 (emphasis supplied). Again, plaintiff's reference to "the minimum jurisdictional amount of this Court" applies to the Circuit Court for Limestone County, Alabama, and not the United States District Court for the Northern District of Alabama.

in an amount that is less than the $75,000 jurisdictional threshold of *this court*.[10]  She

offers the affidavit of her attorney, stating that "the amount in controversy in this case

will not exceed the sum of $75,000.00."[11]  Plaintiff also seeks leave to amend her

complaint, in order to clearly specify that she seeks damages in an amount that is less

than this court's $75,000 jurisdictional threshold.[12]

**A**.    *Determination of the Amount In Controversy*

"When jurisdiction is premised on the diversity of the parties, the court is

obligated to assure itself that the case involves the requisite amount in controversy."

*Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (citations

omitted).

Further, when determining whether subject matter jurisdiction exists under the

diversity statute, the district court must focus upon the amount that was in

controversy *on the date the case was removed from state court.  See*, *e.g.*, *Burns v.

Windsor Insurance Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) ("Jurisdictional

facts are assessed on the basis of plaintiff's complaint *as of the time of removal*.")

---

[10]*See supra* note 4.

[11]Doc. no. 5 (plaintiff's motion to remand), Exhibit A (Affidavit of Michael J. Bernauer), at ¶ 4.  The affidavit also states, "Furthermore, . . . the Plaintiff's attorney *does* assign a value of this case in excess of $75,000.00, exclusive of interest and costs."  *Id.* (emphasis supplied).  The court concludes this sentence must contain a typographical error.  Counsel must have intended to state that he *does not* assign the case a value in excess of $75,000, as his present statement is inconsistent with the remainder of his argument.

[12]*See* doc. no. 7.

(emphasis in original) (citations omitted); *see also*, *e.g.*, *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001) (*per curiam*) ("[T]he question of diversity subject matter jurisdiction is determined on the plaintiff's pleading at the time of removal.") (citing *Pullman v. Jenkins*, 305 U.S. 534, 537 (1939)); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983) ("Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'") (citations omitted); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989) (same).

Indeed, the Supreme Court held long ago, in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), that events or actions occurring after the date of removal that have the effect of *reducing* the damages claimed in a plaintiff's state-court complaint to an amount that is less than the jurisdictional amount in controversy, regardless of whether such events or actions are "beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction *once it has attached*":

> And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, *reduces the claim* below the requisite [jurisdictional] amount [in controversy], this does not deprive the district court of jurisdiction.
>
> Thus events occurring subsequent to removal which *reduce the amount recoverable*, whether beyond the plaintiff's control or the result

of his volition, do not oust the district court's jurisdiction *once it has attached*. . . .

> . . .

>    We think this well established rule is supported by ample reason. If the plaintiff could, no matter how *bona fide* his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction, the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice.  The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to state court at his election.  If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.

*Id*. at 292-94 (footnotes omitted) (emphasis supplied); *see also Poore v. American-Amicable Life Insurance Co. of Texas*, 218 F.3d 1287, 1289-91 (11th Cir. 2000) (holding that "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction").

    When a plaintiff fails to specify the total amount of damages demanded in a state court complaint, then "a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Tapscott v. MS Dealer Service*

*Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) ("[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement."), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).[13]

In summary, the general rule is that "events occurring after removal which may *reduce* the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore,* 218 F.3d at 1291 (emphasis supplied).

1.    *The subtle, but significant distinction between post-removal events or actions that "reduce" the damages claimed in a plaintiff's state-court complaint to an amount that is less than the jurisdictional amount in controversy, and those that "clarify" the amount originally claimed when commencing the state court action*

The general rule does not apply in this case, however, because there is a subtle, but significant distinction between post-removal events or actions that "reduce" the damages claimed in a plaintiff's state-court complaint to an amount that is less than the jurisdictional amount in controversy, and those that "clarify" the amount originally claimed when commencing the state court action.

---

[13]*See also, e.g.*, *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001); *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *Fuller v. Exxon Corp.*, 78 F. Supp. 2d 1289, 1298 (S.D. Ala. 1999); *Employers Mutual Casualty Co. v. Evans,* 75 F. Supp. 2d 1257, 1259-60 (N.D. Ala. 1999); *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 2d 1388, 1389 (M.D. Ala. 1998); *Bolling v. Union National Life Insurance Co.*, 900 F. Supp. 400, 404 (M.D. Ala. 1995) (relying on decisions from the Fifth, Sixth and Ninth Circuits).

The affidavit proffered by plaintiff in this case merely *clarifies* the *ad damnum* clause of her state-court complaint, and does not "reduce" her original demand for damages.

The United States District Court for the Middle District of Alabama faced a similar situation in *Brooks v. Pre-Paid Legal Services, Inc.,* 153 F. Supp. 2d 1299 (M.D. Ala. 2001).  There, the plaintiffs filed a complaint for fraud in state court seeking compensatory damages in the amount of $74,500, as well as an unspecified amount of punitive damages.  The defendant removed to federal court, asserting the $75,000 jurisdictional amount in controversy had been satisfied.  The plaintiffs subsequently moved to remand, and filed an affidavit stating: "(1) they did not intend to seek recovery of more than $74,500 *when they filed their complaint*; (2) they will never claim or accept more than $74,500; and (3) they agree to a court order capping their damages at $74,500."  *Id.* at 1300 (emphasis supplied).

As a result of those stipulations, the *Brooks* court framed the issue for decision as being "whether a court can remand a case when a plaintiff's post-removal stipulation limits the scope of an *ad damnum* clause to less than $74,500."  *Id.*  The court held that it *could* rely on plaintiff's post-removal stipulation, reasoning as follows:

In *Moss v. Voyager Ins. Co.,* 43 F. Supp. 2d 1298 (M.D. Ala.

-8-

1999), this court remanded a case when a plaintiff irrevocably stipulated neither to seek nor accept more than $75,000, even if a jury verdict exceeded that amount. The stipulation "clarifie[d] the Complaint by identifying" the true amount in controversy, and satisfied the court that this amount would never exceed the jurisdictional minimum. *Id.* at 1303. Other courts have routinely given effect to binding, post-removal stipulations. *See, e.g., Grubbs* [*v. Pioneer Hous., Inc.*]*,* 75 F. Supp. 2d 1323, 1327 (M.D. Ala. 1999); *McGhee v. Allstate Indem. Co.,* 928 F. Supp. 1102, 1104 (M.D. Ala. 1996); *Taylor v. Campbell,* 852 F. Supp. 978, 980 (M.D. Ala. 1994); *Moore v. Toyota Motor Corp.,* 64 F. Supp. 2d 612, 614 (N.D. Miss. 1999); *Adkins v. Gibson,* 906 F. Supp. 345, 347 (S.D. W.Va. 1995) [(abrogated on other grounds by *McCoy v. Erie Insurance Co.,* 147 F. Supp. 2d 481 (S.D. W.Va. 2001))].

*Brooks,* 153 F. Supp. 2d at 1300.

As the *Brooks* court recognized, however, some federal courts will retain jurisdiction, even after a plaintiff limits an unspecific demand for damages in a state-court complaint to an amount that is less that the federal jurisdictional threshold. Such courts usually advance two primary reasons for doing so.

The first is that such limitations ostensibly are inconsistent with *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 290, 58 S. Ct. 586, 82 L. Ed. 845 (1938), which teaches that courts must determine jurisdiction as of the moment of filing rather than on the basis of subsequent events. *See, e.g., Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 873 (6th Cir. 2000); *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992) (*per curiam*). The second is that post-removal damages limitations may possibly lead to forum shopping by parties who might "unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Rogers, supra* at 872; *see also McCoy v. Erie Ins. Co.,* 147 F. Supp. 2d 481, 486 (S.D. W. Va. 2001) (discussing "unseemly forum gaming, which has occurred frequently in the wake" of *Adkins, supra*).

*Brooks,* 153 F. Supp. 2d at 1300.  The Middle District opinion in *Brooks* nevertheless

rejected the rationale of those courts, saying that

> these unpersuasive decisions have improvidently expanded the holding of *St. Paul* and have given unduly narrow consideration to basic principles of federal jurisdiction.
>
> Initially, the court stresses that *St. Paul* did not hold that post-removal stipulations are unallowable *per se.*  In *St. Paul,* the plaintiff brought a complaint for indemnity of $3,000, which exceeded the jurisdictional minimum.  The defendants removed, and the district court retained jurisdiction even though the plaintiff later submitted a bill of costs showing that it really expected to receive a verdict of less than $3,000.  The Supreme Court affirmed, stating that the plaintiff's later statement was "not inconsistent with the making of a claim in good faith for over $3,000 when the suit was instituted."  *St. Paul,* 303 U.S. at 296, 58 S. Ct. 586.  The Court relied on *Kanouse v. Martin,* 15 How. 198, 200, 14 L. Ed. 660 (1853), which likewise held that a plaintiff who scaled back his demand, but did not disavow an intent to seek beyond the jurisdictional limit when he filed, could not avoid federal court.  A crucial fact in both *St. Paul* and *Kanouse* is that the plaintiffs acknowledged that their complaints triggered the amount in controversy *at the time of removal.*  In this case, on the other hand, Plaintiffs have submitted affidavits bearing on their initial demand and showing that federal jurisdiction has never properly attached.  *See Moss,* 43 F. Supp. 2d at 1303.  There is a difference, of course, between a court's choice to divest itself of jurisdiction and its finding that it lacks jurisdiction.  No controlling precedent requires the court to retain jurisdiction despite Plaintiff's explicit assurance that his Complaint proves that he "does not desire to try his case in the federal court."  *St. Paul,* 303 U.S. at 294, 58 S. Ct. 586.

*Brooks,* 153 F. Supp. 2d at 1300-01 (emphasis supplied).

In addition, the Middle District of Alabama in *Brooks* recognized four

"bedrock principles of federal jurisdiction" that require district courts to give effect to post-removal stipulations clarifying an unspecific demand for damages in a state-court complaint:

> First, federal courts are tribunals of limited jurisdiction. Second, the diversity statute is strictly construed because of the significant federalism concerns raised by federal courts passing on matters of state law. Third, a plaintiff is the master of her complaint, and a plaintiff suing diverse defendants can avoid federal court by limiting her prayer for damages to less than $75,000. Fourth, a plaintiff is charged with knowledge of her complaint, and the amount of damages that she seeks. *See Gardner v. Allstate Indem. Co.*, 147 F. Supp. 2d 1257, 1264 (M.D. Ala. 2001). None of these interests are furthered when a federal court keeps a diversity case because of some doctrinaire reading of judicial dicta that is divorced from congressional will and any legitimate policy interests.

*Brooks*, 153 F. Supp. 2d at 1301-02.

Other district courts within this circuit have followed the reasoning of the Middle District of Alabama in *Brooks*. For example, in *Little Bend River Co. v. Molpus Timberlands Management, L.L.C.,* No. CA 05-0450-C, 2005 WL 2897400 (S.D. Ala. Nov. 3, 2005), the Southern District of Alabama held that a plaintiff's post-removal stipulation — stating that plaintiff would neither seek nor accept more than $75,000 in damages, even if the jury awarded more than that amount — established the requisite amount in controversy. *Id.* at *3. The *Little Bend* court noted that "district courts in the Eleventh Circuit characterize a post-removal amount-in-

controversy stipulation as *a clarification* permitted by *St. Paul Mercury Indem. Co.*

*v. Red Cab Co.*, rather than an amendment or post-removal action forbidden by the

Supreme Court in *St. Paul*." *Id.* at *3 n.2 (emphasis added) (citing *Sierminski v.*

*Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000); *Brooks,* 153 F. Supp.

2d at 1301; *Moss,* 43 F. Supp. 2d at 1303).  *See also Lacey v. Dollar General Corp.,*

No. Civ.A.2:05CV1041-D, 2005 WL 3240708, at *2 (M.D. Ala. Nov. 30, 2005).

This court finds the reasoning of the Middle and Southern Districts of Alabama

to be persuasive, and not only consistent with, but supportive of, the general principle

that "[r]emoval statutes are to be strictly construed, with all doubts resolved in favor

of remand." *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp.

1388, 1389 (M.D. Ala. 1998) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.

1996)); *see also Burns*, 31 F.3d at 1095.

In the present case, plaintiff has stipulated that "the amount in controversy is

<u>less</u> than the jurisdictional threshold of $75,000.00 as is required for removal under

28 U.S.C. § 1332(a).  Although the Plaintiff did not seek a specific amount of

damages in her *ad damnum* clause, but does state [sic] that her claim will not exceed

the sum of $75,000.00."[14]  The affidavit of plaintiff's counsel states that plaintiff

agrees "that the amount in controversy in this case will not exceed the sum of

---

[14]Doc. no. 5 (plaintiff's motion to remand), at ¶ 3 (emphasis in original).

$75,000.00."[15]   These statements indicate that plaintiff — *both at the time she commenced this action in state court, and on the date of removal* — did not intend to assert damages in excess of $75,000.  The court accepts these statements as the binding agreement of plaintiff to neither seek nor accept damages greater than $75,000.  *See Moss*, 43 F. Supp. 2d at 1302-03 (stating that a stipulation must "specifically bind" the plaintiff to accept no more than $75,000 in damages in order to defeat federal jurisdiction).

Thus, plaintiff's stipulation is a *clarification* of the amount of damages demanded in her original, state-court complaint, and not an improper post-removal *reduction* of that demand.  Accordingly, the stipulation can be considered in determining the amount in controversy.

The primary case relied upon by defendants, *Davis v. Franklin Life Insurance Co.,* 71 F. Supp. 2d 1197 (M.D. Ala. 1999), is distinguishable.  There, the plaintiff filed suit in state court, asserting claims for misrepresentation, suppression, and breach of contract, and making a demand for an unspecified amount in compensatory and punitive damages. *Id.* at 1198.  The defendant removed to federal court, asserting that it had satisfied its burden of proving the jurisdictional amount in controversy by showing that similar cases within the same jurisdiction had resulted in damage awards

---

[15]Bernauer Affidavit, at ¶ 4.

in excess of $75,000. *Id.* The plaintiff submitted an affidavit in an effort to establish that the amount in controversy did not exceed $74,999. The district court rejected the plaintiff's affidavit, and held that the amount in controversy had been satisfied. *Id.* at 1200. It stated:

> The Plaintiff has also provided the affidavit of the attorney for the Plaintiff in which he states that the Plaintiff is not "*currently* seeking and will not *currently* accept more than $74,999 in damages." . . . *This statement by the Plaintiff's attorney does not establish that at the time the Complaint was filed, nor at the time of removal, the Plaintiff did not intend to seek the jurisdictional amount.* That is the time when the jurisdictional amount is judged, and the Plaintiff cannot reduce her claim thereafter to defeat federal court jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 293-94, 58 S. Ct. 586, 82 L. Ed. 2d 845 (1938). Nor does this affidavit establish that she will not so seek in future proceedings in this case.

*Davis,* 71 F. Supp. 2d at 1200 (emphasis supplied).

In contrast, plaintiff's affidavit in the present case does not say that she is "*currently* seeking" damages in an amount that is less than the jurisdictional threshold. It does not leave open the possibility that plaintiff may alter her demand in the future. Instead, plaintiff's affidavit establishes that, when she filed her complaint in the state court, and, *on the date of removal*, plaintiff neither sought nor intended to seek damages exceeding the $75,000 jurisdictional amount.[16]

---

[16]The other, non-binding, cases cited by defendant — *e.g.*, *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880 (5th Cir. 2000), and *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000) — also are distinguishable, because they stand for the proposition that post-removal stipulations will not be considered when they do not bear on satisfaction of the jurisdictional amount in controversy

-14-

CONCLUSION

Based upon the foregoing discussion, and in light of plaintiff's stipulation, defendant has failed to prove by a preponderance of the evidence that the amount in controversy on the date this action was removed from state court exceeded $75,000, exclusive of interests and costs.  Accordingly, plaintiff's motion for remand is due to be granted, and this case remanded to the state court from which it was removed.[17] An appropriate order to that effect will be entered contemporaneously herewith.

DONE this 9th day of June, 2006.

_____
United States District Judge

_____

*as of the date of removal.*

[17]Plaintiff is cautioned that the court takes her stipulation for limited damages very seriously, and will not be pleased to learn that plaintiff has later increased her demand after remand to state court.  *See Brooks,* 153 F. Supp. 2d at 1302 ("The court emphasizes that, while it does not call into question the integrity of Plaintiffs' damages stipulation, should Plaintiffs disregard their demand and pursue or accept damages in excess of $75,000, then upon motion by opposing counsel, sanctions will be swift in coming and painful upon arrival.") (citation omitted).